UNITED STATES, Appellee

v

ROLAND H. HAYGOOD, Airman Basic, U. S.
Air Force, Appellant

12 USCMA 481, 31 CMR 67

No. 14,895

October 27, 1961

Captain Hugh J. Dolan argued the cause for Appellant, Accused. With him on the brief were Colonel Joseph E. Krysakowski and Colonel James L. Kilgore.

Major John C. Wiley argued the cause for Appellee, United States. With him on the brief was Colonel Merlin W. Baker.

Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused was found guilty of larceny, in violation of Uniform Code of Military

Justice, Article 121, 10 USC § 921, and sentenced to be discharged from the service with a bad-conduct discharge. Intermediate appellate authorities affirmed, and we granted accused's petition for review on two issues.

The first question before us concerns whether the convening authority was qualified to act upon the charges in view of the fact that the accuser was senior to him in rank.

The charges were preferred against the accused by his squadron commander, a lieutenant colonel whose date of rank was October 25, 1951. They were formally referred to a special court-martial for trial at the direction of another lieutenant colonel whose date of rank was December 1, 1951. The latter was the Acting Commanding Officer, 837th Air Base Group, and, as such, was then the convening authority. His action was prompted by the absence of the normal commanding officer, who, on his reassumption of command, caused a new special court-martial to be appointed and directed that all unassigned cases, including that of accused, be brought to trial before it.

The Government urges that this latter circumstance eliminates any necessity for us to determine whether accused's trial was directed by an authority superior to the accuser. See United States v LaGrange, 1 USCMA 342, 3 CMR 76, and Code, supra, Article 23, 10 USC § 823. We agree.

Code, supra, Article 23, requires convening of a special court-martial to be accomplished by superior competent authority when the normal convening authority is the accuser. In United States v LaGrange, supra, we concluded the Article also required that a convening authority *not in the chain of command* over the accuser be his superior in rank. Here, we are confronted with a situation wherein an officer junior in rank to the accuser became his superior in command because of the applicable provisions of Air Force Regulations. The effect of the junior's reference of the charges to trial is mooted, however, by the normal convening authority's reassumption of command and his action in withdrawing the charges from the previous court-martial and again referring them to another, newly-appointed tribunal. Under the circumstances, it is clear that the reference to trial and the constitution of the court-martial was accomplished by "superior competent authority," and we leave for future resolution the question whether that phrase embraces only those officers who are senior in both rank and command.

The second issue before us involves a determination of the question whether the trial counsel improperly and prejudicially cross-examined the accused on the merits of the charge against him when the latter had elected to testify only with respect to the voluntariness of his confession.

The prosecution established that the accused had executed a pretrial statement in which he had confessed his guilt after proper warning under Code, supra, Article 31, 10 USC § 831. He tendered the document in evidence, and the president appropriately advised accused of his right to testify with respect to the circumstances under which the statement had been obtained. Accused elected so to testify.

On direct examination, he recounted that he had been interrogated for approximately four hours in the early morning and that, at the time, he had had only five hours of sleep in the preceding two days. He denied his guilt to the questioning agent for about three hours. He was extremely tired but was informed that he would not be released until he told the truth. He made the statement in question in order to secure his release from custody and would not have done so except for the fact that he was extremely fatigued and desired to go home. In fact, he fell asleep while the statement was being typed and had to be awakened to sign it.

On cross-examination, the trial counsel established that the accused was properly advised of his rights. He then inquired as follows:

**482**

"Q. Airman Haygood, you weren't telling the truth, is that right?

"A. Yes, sir.

"Q. You weren't telling him the truth?

"A. During that time, no, sir, because I wanted to get out.

"Q. I see."

The Government contends that the foregoing questions were quite proper in that accused's answers on direct examination indicated he had falsely implicated himself because of exhaustion, thereby "opening the door" for the cross-examination. On the other hand, appellate defense counsel argues that accused's reference to his continued denial of guilt and his final execution of the statement bore only on voluntariness and not upon the question of his innocence.

It is established beyond cavil that an accused who elects to testify concerning the voluntariness ▉▉▉▉▉▉ ▉ of a pretrial statement which he has executed may not be cross-examined concerning the truth or falsity of the statement unless he voluntarily extends his testimony to the merits of the charge against him. United States v Wannenwetsch, 12 USCMA 64, 30 CMR 64; United States v Hatchett, 2 USCMA 482, 9 CMR 112; United States v Webb, 1 USCMA 219, 2 CMR 125. The rule is succintly set forth in the Manual for Courts-Martial, United States, 1951, paragraph 149b, at page 280:

". . . If the accused testifies on direct examination only as to matters not bearing upon the issue of his guilt or innocence of any offense for which he is being tried, he may not be cross-examined on the issue of his guilt or innocence. Thus, if an accused testifies on direct examination only as to the involuntary nature of his confession or admission, *he may not be asked on cross-examination to state whether his confession or admission was true or false, for such a question would go to the issue of his guilt or innocence, concerning which he has not testified.*" [Emphasis supplied.]

We believe that the Government errs when it gleans from the accused's direct examination a protestation of innocence. Rather, the thrust of his testimony was that he did not admit guilt until, in a fatigued state, his will was overborne by the refusal of the interrogating agent to terminate the interview unless he told the "truth." The Government misapprehends the import of a contention that coercive measures were employed to obtain a statement when it believes that it implies that the resultant confession was false. In such a situation, the statement may either be true or false. What is material are the measures which were used to obtain it. Rogers v Richmond, 365 US 534, 5 L ed 2d 760, 81 S Ct 735 (1961); United States v Jones, 7 USCMA 623, 23 CMR 87. In short, testimony that an accused denied guilt until the tactics of an investigator caused him to admit it does not in anywise go beyond an admission that he made a statement and the motivation for that action. It neither admits nor denies his guilt of the offense charged.

Turning to the trial counsel's cross-examination, it is at once clear that his queries involved the truthfulness of accused's confession and the merits of the case rather than the issue of voluntariness. Accordingly, it must be concluded that he exceeded the scope of the purpose for which accused elected to, and did, testify. United States v Webb, supra; United States v Hatchett, supra; Manual, supra, paragraph 149b. The prejudice flowing from this error is apparent, and reversive action is required. United States v Marymont, 11 USCMA 745, 29 CMR 561; United States v Johnson, 11 USCMA 113, 28 CMR 337.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be directed.

Chief Judge QUINN and Judge KILDAY concur.